UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRA PIERCE,

    Plaintiff,

v.                                    CASE NO.:

BODY SCULPT OF ORLANDO, LLC, d/b/a
SONO BELLO, a Florida Limited Liability
Company, and AESTHETIC PHYSICIANS,
P.C., d/b/a SONO BELLO, a Foreign Profit
Corporation,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KENDRA PIERCE ("Plaintiff"), hereby sues the Defendants, BODY SCULPT OF ORLANDO, LLC and AESTHETIC PHYSICIANS, P.C. (collectively "Sono Bello" or "Defendants"), and alleges as follows:

1. This is an action for race discrimination and retaliation under the Civil Rights Act 1866, 42 U.S.C. § 1981 ("Section 1981").

**JURISDICTION, VENUE AND PARTIES**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically Section 1981.

3. Venue is proper in this Court because the unlawful discrimination and retaliation giving rise to the claims herein occurred within this judicial district, and Sono Bello is located in this judicial district; to wit, Sono Bello employed Plaintiff

and terminated her employment at its medical facility located at 4410 W. Boy Scout Blvd., Tampa, FL 33607.

4. Defendant Body Sculpt of Orlando, LLC is a Florida Limited Liability Company with a principal place of business at 6900 Turkey Lake Rd., Ste. 1-4, Orlando, FL 32819 and a registered agent listed as:

**Michael Garrison**
**6900 Turkey Lake Rd., Ste. 1-4**
**Orlando, FL 32819**

5. Defendant Aesthetic Physicians, P.C. is a Foreign Profit Corporation with a principal place of business at 8525 E. Pinnacle Peak Rd., Suite 101, Scottsdale, AZ 85255 and a registered agent listed as:

**Business Filings Incorporated**
**515 E. Park Ave.**
**Tallahassee, FL 32301**

## GENERAL ALLEGATIONS

6. Plaintiff has complied with all conditions precedent to the filing of this action.

7. Defendants jointly own and operate a medical practice branded as "Sono Bello" which provides liposuction services at more than 60 locations nationwide. Aesthetic Physicians, PC runs the medical operations while Body Sculpt of Orlando, LLC (the Florida subsidiary of Body Sculpt International LLC) provides management.

8. Defendants jointly controlled Plaintiff's terms and conditions of employment, were joint employers and a single integrated employer of Plaintiff,

and will be referred to collectively as "Sono Bello."

9. On June 2, 2021, Sono Bello President Michael J. Garrison announced via email that all its offices would recognize Juneteenth, a federal holiday commemorating the emancipation of African American slaves. The company broadcast to all its locations a webinar featuring Jodi-Ann Burey, a writer and activist whose self-proclaimed mission is "to disrupt 'business as usual' in order to achieve social change." Sono Bello's corporate management instructed all centers "to cater lunch from a black-owned restaurant in their area" for the event.

10. A Black employee in the Tampa office proposed that Sono Bello serve fried chicken, collard greens and mac n' cheese for Juneteenth. Fried chicken and collard greens is an old mainstay in racist depictions of Black Americans, deriving from the racist 1915 silent movie Birth of a Nation which portrayed a "shiftless" Black elected official ostentatiously eating fried chicken on the floor of the South Carolina legislature.

11. Sono Bello management approved and ratified the decision to serve fried chicken, collard greens and mac n' cheese for Juneteenth, thereby perpetuating and subjecting its employees to racial stereotypes. Sono Bello, following the direction of its President Mr. Garrison, then proceeded to select a Black-owned vendor to cater fried chicken, collard greens and mac n' cheese to the employees for Juneteenth.

12. The Black employee was not disciplined for proposing to serve fried chicken, collard greens and mac n' cheese for Juneteenth. Rather, management

3

praised her for her proposal.

13. Sono Bello's approval and ratification of the proposal to serve fried chicken, collard greens and mac n' cheese for Juneteenth was highly insensitive and racist. For example, IKEA recently was forced to issue a public apology after a Juneteenth lunch menu was created "with the best of intentions, including recommendations from Black co-workers," which included fried chicken, watermelon, mac n' cheese, potato salad, collard greens, candied yams. The menu immediately sparked outrage among employees with over 20 staff members calling out from work in protest. IKEA responded: "We got it wrong and we sincerely apologize. We are committed to educating ourselves and putting a process in place that will allow us to thoughtfully honor Juneteenth in the future." https://people.com/food/ikea-apologizes-after-employees-protest-over-juneteenth-menu-with-fried-chicken-and-watermelon/

14. Recognizing the racist connotations of Sono Bello's approval and ratification of the proposal to serve fried chicken, collard greens and mac n' cheese for Juneteenth, Plaintiff, a white employee, objected to this racism by proposing that Sono Bello also serve watermelon. Like fried chicken, watermelon is often associated with racist depictions of Black Americans.

15. The point Plaintiff was making through this proposal was that serving fried chicken, collard greens and mac n' cheese for Juneteenth is racist and inappropriate in the workplace.

16. Plaintiff was not praised for her proposal. Instead, Sono Bello

4

corporate management, including its Chief Human Resources Officer Tonsa Price-Edwards (who is Black), immediately suspended her without pay and then terminated her employment because they deemed her proposal "inappropriate."

17. The only material distinction between the two employees and their respective Juneteenth proposals was their race. If the Black employee had proposed serving watermelon along with fried chicken, collard greens and mac n' cheese she would not have been fired or even disciplined in any way.

18. Plaintiff objected to Sono Bello's racist approval and ratification of the proposal to serve fried chicken, collard greens and mac n' cheese for Juneteenth.

19. In addition, through her objection, Plaintiff also was objecting to Sono Bello's requirement that all centers "cater lunch from a black-owned restaurant in their area."

20. Section 1981 provides that "[a]ll persons … shall have the same right … to make and enforce contracts, to sue, be parties, [and] give evidence … as is enjoyed by white citizens." 42 U. S. C. §1981. By awarding a contract to a vendor because it is a "minority-owned business," a company commits race discrimination in violation of 42 U.S.C. §1981. *Security & Data Tech., Inc., v. Sch. Dist. of Philadelphia*, 145 F. Supp. 3d 454 (E.D. Pa. 2015).

21. By awarding the Juneteenth catering contract (and all of the contracts nationwide) to a "black-owned restaurant" solely because it was a "black-owned restaurant" (indeed, only "black-owned restaurants" could be considered), Sono Bello committed race discrimination in violation of 42 U.S.C. §1981.

22. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

### COUNT I
### Race Discrimination in Violation of 42 U.S.C. §1981
### (Both Defendants)

23. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 22 as if fully restated herein.

24. Sono Bello subjected Plaintiff to disparate treatment race discrimination in violation of 42 U.S.C. §1981 by suspending her without pay and terminating her employment for engaging in identical or substantially similar conduct for which Black employees were not disciplined (indeed, for which they were praised).

25. The above conduct by Sono Bello constitutes discrimination in violation of Section 1981.

26. Sono Bello's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

27. Plaintiff has suffered damages, including lost pay and benefits and emotional distress, as a result of Sono Bello's unlawful conduct.

28. As a proximate result of Sono Bello's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress,

inconvenience and loss of enjoyment of life because of Sono Bello's actions, thereby entitling her to compensatory damages.

29.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
### Retaliation in Violation of 42 U.S.C. §1981
### (Both Defendants)

30.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 22 as if fully restated herein.

31.    By objecting to Sono Bello violating 42 U.S.C. §1981 by awarding catering contracts to "black-owned restaurants" based solely on race and to Sono Bello's racist approval and ratification of the proposal to serve fried chicken, collard greens and mac n' cheese for Juneteenth, Plaintiff engaged in statutorily protected activity under 42 U.S.C. §1981.

32.    Sono Bello deemed Plaintiff's protected activity to be "inappropriate," suspended her without pay and terminated her employment expressly because of her protected activity in violation of Section 1981.

33.    By suspending Plaintiff without pay and terminating her employment because of her protected activity, Sono Bello unlawfully retaliated against Plaintiff in violation of Section 1981.

34.    Sono Bello's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

35.    Plaintiff has suffered damages, including lost pay and benefits and emotional distress, as a result of Sono Bello's unlawful conduct.

36. As a proximate result of Sono Bello's retaliation in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Sono Bello's actions, thereby entitling her to compensatory damages.

37. Plaintiff requests relief as described in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court:

1. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Section 1981;

2. Grant all injunctive relief necessary to bring Defendants into compliance with the aforementioned laws;

3. Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful actions, in amounts to be proven at trial;

4. Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5. Order Defendants to pay exemplary and punitive damages;

6. Order Defendants to pay attorneys' fees and costs of the action;

7. Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

8. Grant any further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated: July 18, 2021

        Respectfully submitted,

        /s/ Jay P. Lechner
        **LECHNER LAW**
        Jay P. Lechner, Esq.
        Florida Bar No.: 0504351
        Jay P. Lechner, P.A.
        Fifth Third Center
        201 E. Kennedy Blvd., Suite 412
        Tampa, Florida 33602
        Telephone: (813) 842-7071
        jplechn@jaylechner.com
        shelley@jaylechner.com
        *Attorneys for Plaintiff*